# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5446 | **DATE** | 7/16/2001 |
| **CASE TITLE** | Bernstein, M.D. et al vs. Genesis Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: The supplemental opinion of this Court is that the parties still have a stake in the determination of whether a retention applies to the Directors and, therefore, the issue is not moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TSA

number of notices

JUL 17 2001 date docketed

01 JUL 17 AM 7:52

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number: 150

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 17 2001

| | |
|---|---|
| JOEL E. BERNSTEIN, M.D., JAMES L. CURRIE, NEAL S. PENNEYS, M.D., LAURA PEARL, JEREMY SILVERMAN, FRANK A. EHMANN, and HENRY KUEHN, | )<br>)<br>)<br>) Case No. 98 C 5446 |
| Plaintiffs/Counterclaim Defendants, | ) Judge Wayne R. Andersen |
| v. | ) |
| GENESIS INSURANCE COMPANY, | ) |
| Defendant/Counterclaim Plaintiff. | ) |
| GENESIS INSURANCE COMPANY, | ) |
| Third-Party Plaintiff/Third-Party Counterclaim Defendant, | ) |
| v. | ) |
| GENDERM CORPORATION, | ) |
| Third-Party Defendant/Third-Party Counterclaim Plaintiff. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is an insurance coverage dispute regarding a policy issued by Genesis Insurance Company to the Directors and Officers of the GenDerm Corporation. The Directors, Officers and GenDerm were sued by a collection of former shareholders in Stuart Turner and Richard A. Bernstein v. Joel E. Bernstein, M.D. et al., Civil Action No. 16190 (Del. Ch.). We issued a Memorandum, Opinion and Order in this case on March 20, 2000. In that Opinion, we found

150

that the "insured vs. insured" contractual exclusion did not apply, that the directors and officers were not responsible for a retention, that GenDerm was responsible for advancing a retention under the policy and that plaintiffs were not entitled to attorneys' fees. All parties appealed our ruling. Shortly before oral argument the underlying Delaware suit was settled and the parties informed the panel of the settlement during oral argument. The Court of Appeals for the Seventh Circuit remanded this case to this Court to consider "the impact of the settlement on this case, if any, and provide [the Seventh Circuit] with a supplemental opinion."

Genesis argues that our decision with respect to the retention is moot because of the settlement of the underlying dispute. GenDerm and the Directors argue that the issue is not moot because our opinion can serve as the basis for an argument that Genesis materially breached the insurance contract. If Genesis breached the insurance contract, the directors argue that Genesis cannot take advantage of the provisions of the contract that operate in favor of Genesis.

Article III of the United State's Constitution limits our jurisdiction to live cases and controversies." Stotts v. Community Unit School Dist. No. 1, 230 F.3d 989, 990 (7th Cir. 2000). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a 'personal stake' in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). This issue is important because if a case becomes moot, even while on appeal, the court loses jurisdiction to decide the merits of the action. Bd. of Educ. v. Nathan R., 199 F.3d 377, 380-81 (7th Cir. 2000).

2

Genesis argues that the settlement of the underlying dispute means that an appellate decision on the retention cannot impact the rights of the respective parties. Under the policy, the retention is to be returned to the insured if there is a "determination of no liability." No party disputes that the settlement does not qualify, under the contract, as a "determination of no liability." In the event of a resolution of the underlying case that does not qualify, then Genesis has a right to recover the retention amount, $100,000 ("One-Hundred Thousand Dollars"). Therefore, Genesis is arguing that a decision on the retention amount has no legal effect on the rights of the parties. If the Seventh Circuit were to disagree with this court and determine that the Directors owed a retention, then Genesis would have a right to the $100,000. If the Seventh Circuit were to agree with our opinion and hold that no retention applies to the Directors, Genesis argues that it would still have a right to the $100,000 because there has been no "determination of no liability."

The Directors argue that a final resolution of this issue has an important impact on the relative rights of the parties because, if the Seventh Circuit agrees with this court, Genesis breached its obligations under the insurance contract. We agree. The issue of breach was presented to this court in the cross-motions for summary judgment. Because the underlying law suit had not been resolved, we held that the question of Genesis' breach was not ripe for our review. It is now ripe. Genesis argues that this conflict is too speculative to confer jurisdiction. We disagree.

Although the parties have not cited cases establishing a standard by which we can analyze whether a future dispute is too speculative, we have conducted our own analysis. Recently, the United States Supreme Court explicitly declined to reach this issue in <u>Reno v. Bossier Parish</u>

3

School Bd., 528 U.S. 320, 328 (2000). It is clear from our study of current opinions on mootness, from this and other Courts of Appeals and the United States Supreme Court, that there is no bright line for determining whether the future rights in question were too speculative. Spencer v. Kemna, 523 U.S. 1, 7 (1998); City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000); Smith v. S.E.C., 129 F.3d 356, 363 (6th Cir. 1997); Reich v. Occupational Safety and Health Review Com'n,102 F.3d 1200, 1201-02 (11th Cir. 1997); St. Louis Fire Fighters Ass'n Intern. Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo., 96 F.3d 323, 330 (8th Cir. 1996); Lankford v. City of Hobart, 73 F.3d 283, 288 (10th Cir. 1996). In this case, the question of whether Genesis breached its duties under the insurance contract has been argued and briefed and remains to be decided. The issue of whether the Directors owed a retention to Genesis is an initial matter that must be decided before we can determine whether Genesis breached the insurance contract. If the Directors owed no retention and Genesis breached its duties under the contract, then the Directors can argue the impact of that breach. Therefore, a decision on whether the directors owed a retention still has an impact on the relative rights of the parties.

We would have considered the question of breach on this remand, but for two factors. First, the nature and scope of the remand is limited to "allowing the district court an opportunity to consider the impact of the settlement on this case, if any, and provide [the Seventh Circuit] with a supplemental opinion as soon as may be reasonably possible." Therefore, we have no jurisdiction to consider the issue of breach. Second, the issue of whether the "insured vs. insured" contractual exclusion remains. Neither party contends that it is moot. If the Seventh Circuit disagrees with our analysis, this case will be completed. If the Seventh Circuit agrees with our analysis there will be an ample opportunity to decide the issue of breach.

A case is not moot if some issues remain live. <u>Powell v. McCormack</u>, 395 U.S. 486, 496-97 (1969). Therefore, even if we have erred in our analysis of the retention issue, the remaining issues can still be decided.

The supplemental opinion of this Court is that the parties still have a stake in the determination of whether a retention applies to the Directors and, therefore, the issue is not moot.

/Wayne R. Andersen
United States District Judge

Dated: July 16, 2001

5